# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 27
The People &c.,
  Respondent,
  v.
Nicholas Hill,
  Appellant.

Susan Epstein, for appellant.
John T. Hughes, for respondent.
The Bronx Defenders, et al., amici curiae.

MEMORANDUM:

The order of the Appellate Division should be reversed, the motion to suppress granted and the indictment dismissed.

- 1 -

Defendant Nicholas Hill was approached by New York Police Department officers after they observed him exiting and reentering a building in a New York City Housing Authority development several times. Upon the officers' request, defendant explained that he was visiting a friend who lived in the building. The officers asked defendant for his identification, which he provided. An officer then took defendant's identification to the eleventh floor of the building to verify whether the occupant of the apartment defendant identified knew him.[1] Another officer instructed defendant to "stand right there" under the watch of two officers. When the first officer returned, having determined that the occupant of the apartment did not know defendant, defendant was arrested for trespassing. At the precinct, officers conducted a search of defendant's person incident to his arrest and recovered 42 bags of crack cocaine from his groin area.

Defendant moved to suppress the evidence on the ground that the police encounter constituted a level-three seizure under People v De Bour (40 NY2d 210 [1976]) and was not justified by a requisite reasonable suspicion. The People contended that the encounter was a level-one request for information under De Bour, for which the officers had a requisite objective credible reason. After a hearing, the suppression court denied defendant's motion, concluding that the encounter was an appropriately justified level-one inquiry because defendant was free to leave until he was arrested, and that there was

---

[1] Defendant contends he told the officers a different apartment number than the one they visited, and it is undisputed that the occupant across the hall from the one the police visited was the friend to whom defendant referred. Our decision does not depend on whether defendant provided the correct apartment number to the police.

probable cause to support his arrest for trespassing once the arresting officers learned that he was unknown to the apartment's occupant. Defendant pled guilty to possession of a controlled substance in the third degree. The Appellate Division, holding that the trial court properly denied defendant's motion to suppress, affirmed the judgment.

At the suppression hearing, the People justified the officers' interaction with defendant purely on the ground that it was a level-one inquiry supported by an objective credible reason. At its inception, this was "a general, nonthreatening encounter in which an individual is approached for an articulable reason and asked briefly about his or her identity, destination, or reason for being in the area" (People v Hollman, 79 NY2d 181, 191 [1992]). That request implicated only level one of De Bour (see id.) and required only an objective credible reason to make basic inquiries of defendant (De Bour, 40 NY2d at 223). On this record, the initial inquiry was justified.

However, the record demonstrates that the encounter thereafter rose beyond a level-one request for information, which the People failed to justify as lawful. Consequently, the People have failed to preserve any argument that the encounter in this case was justified under levels two or three of De Bour.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Order reversed, defendant's motion to suppress granted and indictment dismissed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur. Judge Feinman took no part.

Decided May 2, 2019